UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON AGUILAR, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 4:12-1060 |
| v. | : | |
| | : | (CONNER, D.J.) |
| PACIFIC ORTHOPEDIC MEDICAL GROUP; CLEMENT ALADE; | : | (MANNION, M.J.) |
| P.R. CHANDRASEKARAN; MARSHALL S. LEWIS and YOUNG N. PAIK, | : | |
| | : | |
| Defendants | : | |

### **REPORT AND RECOMMENDATION**[1]

Presently before the court are two motions to dismiss for lack of jurisdiction and improper venue, (Doc. No. 18; Doc. No. 19). The motions, collectively representing all named defendants, both note that all of the defendants are residents of California and that all treatment related to the medical malpractice claim in the underlying action occurred in California. The court recommends transferring the action to the appropriate jurisdiction. The court therefore recommends that Defendant Dr. Chandrasekaran's motion, (Doc. No. 19), be granted to the extent that it moves for transfer of the action

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

to the Eastern District of California and that the remaining defendants' motion, (Doc. No. 18), which solely requests dismissal of the action for lack of jurisdiction, be denied.

## I.   BACKGROUND

On June 5, 2012, the plaintiff, currently an inmate at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed the instant pro se action claiming on-going pain from negligently performed medical procedures and care. (Doc. No. 1). On August 23, 2012, defendants Pacific Medical Group, Dr. Alade, Dr. Lewis and Dr. Paik responded with their motion to dismiss for lack of jurisdiction, (Doc. No. 18), and filed a supporting brief on August 29, 2012, (Doc. No. 23). On August 24, 2012, Dr. Chandrasekaran filed a motion to dismiss for lack of jurisdiction and improper venue, (Doc. No. 19), and a brief in support, (Doc. No. 20). To date, the plaintiff has not responded to either of the motions.

The defendants are four doctors licensed to practice medicine in California, but not in Pennsylvania, and their collective practice partnership which was formed under the laws of California. The defendants further assert that they have no personal or business contacts with the Commonwealth of

Pennsylvania. In addition, the defendants assert that all medical care given to the plaintiff occurred exclusively in California.

The plaintiff asserts that venue in the Middle District of Pennsylvania is proper because it is where he is presently incarcerated. (Doc. No. 1)

## II.   DISCUSSION

### *A. Jurisdiction*

A court may assert personal jurisdiction over a non-resident to the extent permitted by the law of the state in which the court is located. Fed.R.Civ.P. 4(e)(1). Pennsylvania's long-arm statute permits a court to exercise jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).

In determining whether a court may assert personal jurisdiction over a non-resident defendant, the court must consider: (1) whether the defendant has purposefully established minimum contacts with the forum state, such that he could reasonably anticipate being haled into court there; and (2) whether those contacts, if sufficient, "may be considered in light of other

factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77 (1985)(*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *see also Fisher v. Teva PFC SRL,* 212 Fed.Appx. 72, 75 (3d Cir. 2006).

Personal jurisdiction can be specific or general in nature. A court has specific jurisdiction over an individual when the cause of action arises from the defendant's activities in the state. *See Fisher,* 212 Fed.Appx. at 75 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). General jurisdiction exists when a cause of action does not arise from specific activities, but from a defendant's "continuous and systematic" contacts with the forum state. *See id.*

Here, the court agrees that it does not have personal jurisdiction over the defendants. The defendants have established, and the plaintiff has failed to refute, that they are residents of California and have no contacts with Pennsylvania. The plaintiff has made no assertion of continuous or systematic connections to Pennsylvania that would create general personal jurisdiction. Moreover, nothing in the plaintiff's compliant controverts the defendants'

4

assertion that all medical care from which the claim of malpractice could arise took place in California and that no such actions took place in Pennsylvania. As such, the court finds that it does not have personal jurisdiction over the defendants.

*B. Venue*

28 U.S.C. §1391 "govern[s] the venue of all civil actions brought in district courts of the United States." 28 U.S.C. §1391(a). Under 28 U.S.C. §1391(b), venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

The plaintiff's assertion that venue is proper where the plaintiff resides is incorrect. The defendants' have established that they each reside in California and that all events or omissions related to their medical care for the plaintiff occurred exclusively in California. As such, the Middle District of Pennsylvania is not the proper venue for this matter.

Under 28 U.S.C. §1404, a district court may "[f]or the convenience of

5

parties and witnesses, in the interest in justice, ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Weighing the factors outlined in §1404, the court recommends that the action be transferred to the appropriate district. Though the plaintiff is currently incarcerated in Pennsylvania, all of the defendants and likely witnesses to his medical procedures are located in California. Specifically, the defendants have identified Kern County as the center of their medical practice, which is located in the Eastern District of California. The defendants have moved for dismissal based on the lack of jurisdiction and improper venue; however, the court finds that in the interest of justice transfer is more appropriate. The plaintiff's complaint alleges that his care continued through February 2010, therefore dismissing the case and requiring the plaintiff to re-file in another district may implicate the statute of limitations or other procedural bars. Finding that the Eastern District of California is a district in which the complaint could have been brought, the court recommends that the action be transfer to that division.

**THEREFORE, THE COURT RECOMMENDS, THAT:**

(1) Dr. Chandresekaran's motion to dismiss, (Doc. No. 19), be **GRANTED** to the extent that it moves for transfer of the action to the Eastern District of California;

(2) In light of the transfer of the action, the motion to dismiss filed by defendants Pacific Medical Group, Dr. Alade, Dr. Lewis and Dr. Paik, (Doc. No. 18), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: October 19, 2012**
O:\shared\REPORTS\2012 Reports\12-1060-01.wpd