UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON AGUILAR, | ) Case No.: 1:12-cv-01869 - JLT |
| Plaintiff, | ) RAND WARNING TO PLAINTIFF |
| v. | ) ORDER CONTINUING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO SEPTEMBER 24, 2013 AT 9:30 A.M. |
| PACIFIC ORTHOPEDIC MEDICAL GROUP, et al., | |
| Defendants. | |

TO PLAINTIFF RAMON AGUILAR, PRO SE:

Plaintiff is advised[1], pursuant to <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988) and <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), of the following requirements for opposing the motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:

1. Such a motion is a request for an order for judgment on some or all of Plaintiff's claims in favor of defendants without trial. <u>See</u> Rule 56(b).

2. Defendants' motion set forth the facts which defendants contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. <u>See</u> Rule 56(c).

3. Plaintiff has the right to oppose the motion for summary judgment. To oppose the motion, plaintiff must show proof of his or her claims. Plaintiff may agree with the

---

[1] It appears Defendants were unaware of their obligation to provide Plaintiff this notice. The Court provides this notice at this time in order to minimize further delay in this matter.

1

facts set forth in defendants' motion but argue that defendants are not entitled to judgment as a matter of law.

4. Plaintiff may show Defendants' facts are disputed in one or more of the following ways:

   a. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies;

   b. Plaintiff may also serve and file affidavits or declarations setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated);

   c. Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are;

   d. Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

5. If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s)' motion. See Rule 56(f).

6. If plaintiff does not serve and file a request to postpone consideration of defendants' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to defendants' motion. Plaintiff's waiver of opposition to defendants' motion may result in the entry of summary judgment in favor of defendants and against plaintiff.

7. A motion supported by affidavits or declarations that are unsigned will be stricken.

8. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

9. Plaintiff is advised that any declarations submitted by him must be dated and signed under penalty of perjury. His own declaration must set forth every fact within his personal knowledge that he relies upon to oppose the motion. He cannot merely say that facts set forth in other documents are true; the facts must be set forth in the declaration itself.  Also, all declarations must set forth *how* the declaring witness knows the information to which he attests whether by the witness seeing something happen, hearing it, or feeling it, for example. The failure of declarants to comply with this guidance will result in the Court refusing to consider their declarations.

10. In order that Plaintiff may have an ample opportunity to file an opposition to Defendants' motion for summary judgment, the hearing on the motion is **CONTINUED** to **September 24, 2013**, at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **July 22, 2013**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE