UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON AGUILAR,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC ORTHOPEDIC MEDICAL GROUP, CLEMENT ALADE, P.R. CHANDRASEKARAN, MARSHALL LEWIS and YOUNG PAIK,<br><br>        Defendants. | Case No.: 1:12-cv-01869 - JLT<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 40) |

    Defendants Pacific Orthopedic Medical Group ("Pacific Orthopedic"), Clement Alade, Marshall Lewis and Young Paik filed a motion for summary judgment on June 7, 2013, which was joined by defendant P.R. Chandrasekaran on August 28, 2013. (collectively, "Defendants"). Plaintiff Ramon Aguilar has not opposed the motion. Because the matter was suitable for decision without oral argument, the motion was taken under submission pursuant to Rule 230(g). For the following reasons, Defendants' motion for summary judgment is **DENIED without prejudice**.

**I.    Factual and Procedural History**

    Plaintiff initiated this action by filing a complaint on June 5, 2012. (Doc. 1). Plaintiff alleged he suffered an injury in 2005 that "caused a displaced fracture to the left ankle and left foot, requiring surgery and repair of the ankle by the insertion of medical plates and screws." (Doc. 1 at 3). Plaintiff asserted that he began having "post-surgery . . . pain and discomfort" around January 2008. *Id.*

According to Plaintiff, he "sought out medical care, and obtained an evaluation and care at [Pacific Orthopedic] by and through Defendants, Alade, Chandrasekaran, Lewis, and Paik." *Id.* He alleged that "on or about April, 2008, and at divers [sic] times thereafter, upto [sic] and including February, 2010, [Pacific Orthopedic] and Defendants Alade, Chandrasekaran, Lewis and Paik performed surgery on Plaintiff's left foot and left ankle, and removed the medical plate[] and screws from the ankle." *Id.* at 4.

Plaintiff asserted Defendants "failed to properly evaluate, treat, care for, or otherwise afford plaintiff an acceptable level of medical care" and "wrongfully and negligently perform[ed] surgeries on plaintiff." (Doc. 1 at 4). Plaintiff alleged he suffered a permanent injury as a result of the negligence of Defendants. *Id.* Specifically, Plaintiff reported he is "unable to self-ambulate" and he now "requires medical equipment and assistance in standing and walking." *Id.* In addition, Plaintiff asserted he suffered "undue pain and suffering, and extreme emotional distress." *Id.* Based on these allegations, Plaintiff seeks to hold Defendants liable for "negligent medical care." *Id.* at 1.

After Defendants filed their motion for summary judgment (Doc. 52), the Court issued an order pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) explaining the requirements for opposing a motion for summary judgment. (Doc. 54). In addition, the Court extending the time for briefing on the motion for summary judgment for Plaintiff to have a sufficient to file an opposition after receiving the *Rand* warning. *Id.*

## II.    Legal Standards for Summary Judgment

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, a court may grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56; *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th

Cir. 1981). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

A party seeking summary judgment bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). The moving party demonstrates summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citation omitted).

If the moving party meets its initial burden, the burden shifts to the opposing party to present specific facts that show there is a genuine issue of a material fact. Fed R. Civ. P. 56(e); *Matsuhita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586, n.11; Fed. R. Civ. P. 56(c). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

In resolving a motion for summary judgment, the Court examines the evidence provided by the parties, including pleadings depositions, answer to interrogatories, and admissions on file. *See* Fed. R. Civ. P. 56(c). Even if a motion for summary adjudication is unopposed, a court cannot grant summary judgment solely because no opposition has been filed. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The Court must apply standards consistent with Rule 56 to determine whether the

1  moving party demonstrated there is no genuine issue of material fact and judgment is appropriate as a
2  matter of law.  *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

3  **III.     Discussion and Analysis**

4  Defendants rely upon the expert testimony of Dr. William Brien to support their motion for
5  summary judgment.  (*See* Doc. 52-9 at 5) ("as is established in the concurrently filed Declaration of
6  William W. Brien, M.D., defendants Dr. Alade, Dr. Lewis, and Dr. Paik never provided any care and
7  treatment to the plaintiff, and as a result, a duty to use due care never arose on their behalf").  Also,
8  Defendants assert the testimony of Dr. Brien establishes that Dr. Chandrasekaran "met the applicable
9  standard of care at all times [citations] and in no way caused or contributed to the injuries and
10 damages claimed by plaintiff in his Complaint."  *Id.* (citations omitted).

11 The Supreme Court imposed a "gatekeeping responsibility" for courts to engage in objective
12 screening to ensure that expert testimony "is not only relevant, but reliable."  *Daubert v. Merrell Dow*
13 *Pharms.*, 509 U.S 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999)
14 (clarifying the court's "gatekeeping" obligation "applies not only to testimony based on 'scientific
15 knowledge,' but also to testimony based on 'technical' and 'other specialized' knowledge").  Prior to
16 considering proffered expert testimony, a trial court "must merely make a determination as to the
17 proposed expert's qualifications."  *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1124 (9th Cir. 1994).
18 A court is not to attempt to determine whether an expert's conclusions are correct, but rather examine
19 only "the soundness of his methodology."  *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318
20 (9th Cir. 1995).  Thus, the Court must determine whether Dr. Brien is qualified as an expert and review
21 his methodology prior to reliance upon his opinions as evidence in support of Defendants' motion for
22 summary judgment.

23 **A.     Qualifications of Dr. Brien**

24 According to Dr. Brien, he is "licenced to practice medicine by the State of California."  (Doc.
25 52-4, Brien Decl. ¶ 1).  He possesses a medical degree from the University of California at Los Angeles
26 and "maintain[s] current certification by the American Board of Orthopedic Surgeons."  (*Id.*)  Based
27 upon his "education, training, experience, and qualifications," Dr. Brien asserts he is "thoroughly
28 familiar with the degree of learning and skill ordinarily possessed by reputable physicians practicing in

the field of Orthopedic Surgery in the State of California." (*Id.* at ¶ 2).  Thus, Dr. Brien asserts he is able to testify "as to the standard of professional learning, skill, and care required of physicians specializing in the field of Orthopedic Surgery." (*Id.*)  Because Dr. Brien possesses the "knowledge, skill, experience, training, [and] education" sufficient to qualify as an expert witness it is appropriate for the Court to consider his opinions in evaluating Defendants' motion for summary judgment, provided he has supported his conclusions.  *See* Fed. R. Evid. 702.

**B.     Dr. Brien's opinions**

The Court may rely on an expert opinion that is not based upon the expert's personal knowledge of the facts.  *See, e.g., Daubert*, 509 U.S. at 591 ("an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation"); *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (explaining "[t]rained experts commonly extrapolate from existing data").  However, it is well-established that expert opinions lacking an adequate foundation fail to support may not be considered by the Court. *See* Fed. R. Civ. P. 37(c)(1) (precluding a party from relying on report if it fails to include the expert's opinions *and* the basis for those opinions); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008) (explaining "[c]onclusory expert assertions cannot raise triable issues of material fact on summary judgment").  Thus, the Court may rely upon Dr. Brien's opinions if they have an adequate foundation, even if the statements are not based upon his personal knowledge.

1.     Liability of Drs. Alade, Lewis and Paik

Dr. Brien asserts he "reviewed . . . true and correct copies of Mr. Aguilar's medical chart maintained by the Pacific Orthopedic Medical Group," which were attached to his declaration as "Exhibit B."  (Doc. 52-4, Brien Decl. ¶ 4). Seemingly based upon his review of these records, Dr. Brien concludes, "It does not appear Dr. Paik, Dr. Alade, or Dr. Lewis ever provided any orthopedic care and treatment to Ramon Aguilar." (*Id.* ¶ 5).  Significantly, however, Brien's conclusion that Drs. Alade, Lewis and Paik did not treat Plaintiff is a finding of fact is not within the purview of an expert opinion.

Moreover, the documents reviewed by Dr. Brien leading him to this conclusion have not been authenticated as being the true and correct—or *complete*—medical record from Pacific Orthopedic

Medical Group.[1]  Although Dr. Brien reports the documents attached to his declaration "are true and correct copies of Mr. Aguilar's medical records maintained by the Pacific Orthopedic Medical Group," this assertion is not within his personal knowledge.  At most, Dr. Brien can attest the documents "are true and correct copies" of the documents he received and reviewed.  The Ninth Circuit has determined evidence that is not properly authenticated will not be considered by the court when reviewing a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see also Jimena v. Stadish*, 504 Fed. App'x 632 (9th Cir. 2013).  Accordingly, there is no evidentiary support for Defendants' assertion that Drs. Paik, Alade and Lewis did not treat Plaintiff.

Because there is a question of material fact as to whether or not these physicians treated Plaintiff and owed him a duty of care, the motion for summary adjudication of the claims against Drs. Paik, Alade and Lewis is **DENIED**.

### 2. Liability of Dr. Chandrasekaran

Dr. Brien asserts that "Dr. Chandra reasonably concluded that Mr. Aguilar was an adequate candidate for arthroscopy and debridement of his left ankle in addition to removal of the loose screws and plate in his left ankle."  (Brien Decl. ¶ 6(b)).  Dr. Brien opines:

> Dr. Chandra met the standard of care in all aspects of the performance of the arthroscopy and debridement with removal of hardware in the patient's left ankle on February 25, 2008.  Dr. Chandra's operative note contains sufficient detail to confirm that he met the standard of care in performing the procedures in question.  Dr. Chandra also met the standard of care in providing the patient with post-procedure antibiotics (gentamicin), ensuring that hemostasis was achieved, and confirming that circulation was present in the left foot following the procedure.
> Dr. Chandra met the applicable standard of care in all aspects of his post-February 25, 2008 management of this patient.  Dr. Chandra saw the patient for a post-operative follow-up within a reasonable period of time, and the patient reported doing well – which strongly suggests that Dr. Chandra's proposed method of treating the patient's left ankle pain complaints was effective.  Dr. Chandra also met the standard of care by ordering the patient to have a short-leg walking cast following the February 25, 2008 surgery.
> The standard of care was likewise met by Dr. Chandra on April 29, 2008 when he removed the patient's cast from his left lower extremity.  Dr. Chandra correctly prescribed the patient with a walking boot to assist with his ambulation, and his decision to prescribe physical therapy for the patient was reasonable under the circumstances.

---

[1] On the other hand, even if the record is complete, there is no showing that no treatment of Plaintiff by any of these doctors; at most there is a showing there is no *documented* treatment by these doctors.

(Brien Decl. ¶¶ 6(c)-(e)). Importantly, with this summation, Dr. Brien fails to explain his conclusions that Dr. Chandrasekaran met the applicable standards of care during the surgery and with his post-operative treatment of Plaintiff.

Under California law, a professional such as Dr. Chandrasekaran has the duty "to use such skill, prudence, and diligence as other members of [his] profession commonly possess and exercise." *Elcome v. Chin*, 110 Cal. App. 4th 310, 317, 1 Cal. Rptr. 3d 631 (Cal. Ct. App. 2003). Here, Dr. Brien does not provide any information regarding the skill or diligence required of an orthopedic surgeon such that the Court may find Dr. Chandrasekaran satisfied his duty of care. Dr. Brien does not explain how such a procedure is performed by an orthopedic surgeon and why he believes the procedure performed by Dr. Chandrasekaran satisfied the duty of care. Likewise, Dr. Brien does not explain what the standard post-care treatments are, what the reasonable time frame for a follow-up appointment is, or why the decision to remove the cast at the time Dr. Chandrasekaran chose to do so was reasonable. Instead, Dr. Brien offers only his mere conclusions for the Court, which are insufficient to support Defendants' motion for summary judgment. In essence, all he says is, "I am an expert and I say there is no liability;" this is insufficient.

The Ninth Circuit has explained that "in the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *United States v. Various Slot Machines*, 658 F.2d 697, 700 (9th Cir. 1981). Put another way, an expert should "include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions . . . [because] an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. 2006). Because Dr. Brien fails to explain "how and why" he reached the conclusion that Dr. Chandrasekaran met the applicable standards of care, his opinion fails to support Defendants' motion for summary judgment. Because Defendants have failed to carry their burden to demonstrate there is not an issue of material fact related to the care provided by Dr. Chandrasekaran, their motion for summary adjudication of Plaintiff's claim is **DENIED without prejudice**.

///

///

## V. Conclusion and Order

The records relied upon by Dr. Brien have not been authenticated and cannot be considered as evidence by the Court.  *See Orr*, 285 F.3d at 773.  Thus, there is no evidence that Drs. Paik, Alade and Lewis were not involved with Plaintiff's treatment at Pacific Orthopedic. Furthermore, Dr. Brien's conclusion that Dr. Chandrasekaran met the applicable standard of care lacks a factual basis, which is required to support a motion for summary judgment. *Various Slot Machines*, 658 F.2d at 700. Because Defendants relied entirely upon the opinions of Dr. Brien to support their motion for summary judgment, they have not carried the initial burden to identify evidence demonstrating the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.

Based upon the foregoing, **IT IS HEREBY ORDERED:**

1. Defendants' motion for summary judgment is **DENIED** without prejudice;

2. Defendants are granted leave to file a second motion for summary judgment no later than 21 days of the date of this order.  If they choose to do so, at the same time of their filing, they SHALL provide Plaintiff the notice required by Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

IT IS SO ORDERED.

Dated:   **September 27, 2013**              /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE