UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON AGUILAR,<br><br>              Plaintiff,<br><br>       v.<br><br>PACIFIC ORTHOPEDIC MEDICAL GROUP, et al.,<br><br>              Defendants. | Case No.: 1:12-cv-01869 - JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND CLOSING THE ACTION |

Plaintiff Ramon Aguilar initiated this action against Defendants Pacific Orthopedic Medical Group, Clement Alade, Marshall Lewis, Young Paik and P.R. Chandrasekaran. However, Plaintiff has taken no action to proceed on his claims since May 2013. Because Plaintiff has failed to prosecute his claims against the defendants, the action is **DISMISSED WITH PREJUDICE**.

**I.      Procedural History**

Plaintiff initiated this action by filing a complaint on June 5, 2012. (Doc. 1.) Plaintiff alleged he suffered an injury in 2005 that "caused a displaced fracture to the left ankle and left foot, requiring surgery and repair of the ankle by the insertion of medical plates and screws." (*Id.* at 3.) Plaintiff asserted "post-surgery . . . pain and discomfort" began around January 2008. (*Id.*) He "sought out medical care, and obtained an evaluation and care at [Pacific Orthopedic] by and through Defendants, Alade, Chandrasekaran, Lewis, and Paik." (*Id.*) He alleged that "on or about April, 2008, and at divers [sic] times thereafter, upto [sic] and including February, 2010, [Pacific Orthopedic] and Defendants

1  Alade, Chandrasekaran, Lewis and Paik performed surgery on Plaintiff's left foot and left ankle, and
2  removed the medical plate[] and screws from the ankle." (*Id.* at 4.)
3      Plaintiff asserted Defendants "failed to properly evaluate, treat, care for, or otherwise afford
4  plaintiff an acceptable level of medical care" and "wrongfully and negligently perform[ed] surgeries on
5  plaintiff." (Doc. 1 at 4). Plaintiff alleged he suffered a permanent injury as a result of the negligence of
6  Defendants. (*Id.*) Specifically, Plaintiff reported he is "unable to self-ambulate" and he now "requires
7  medical equipment and assistance in standing and walking." (*Id.*) In addition, Plaintiff asserted he
8  suffered "undue pain and suffering, and extreme emotional distress." (*Id.*) Based on these allegations,
9  Plaintiff sought to hold the defendants liable for "negligent medical care." (*Id.* at 1.)
10     The defendants filed a motion for summary judgment on June 7, 2013 (Doc. 52), which was not
11 opposed by Plaintiff despite the Court providing additional time for him to do so after receiving
12 warnings required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) and *Klingele v. Eikenberry*, 849
13 F.2d 409 (9th Cir. 1988). The motion for summary judgment was denied, and the Court's order sent to
14 Plaintiff was returned as "undeliverable" on October 1, 2013.
15     On November 4, 2011, the Court issued an order to show cause to Plaintiff to "show cause in
16 writing why this matter should not be dismissed based upon his failure to prosecute it." (Doc. at 62.)
17 The Court ordered Plaintiff "need only provide a letter to the Court indicating that he still intends to
18 pursue this litigation" within fourteen days of the date of service, or the action would be dismissed for
19 lack of prosecution. (*Id.* at 1.) To date, Plaintiff has not responded to the Court's order.

20 **II.     Failure to Prosecute and Obey the Court's Orders**
21     The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
22 party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any
23 and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent
24 power to control their dockets," and in exercising that power, a court may impose sanctions including
25 dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.
26 1986). A court may dismiss an action based upon a party's failure to prosecute an action, failure to
27 obey a court order, or failure to comply with local rules. *See, e.g. Chambers v. NASCO, Inc.,* 501 U.S.
28 32, 44, (1991) (recognizing a court "may act *sua sponte* to dismiss a suit for failure to prosecute");

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

### III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff failed to oppose the motions for summary judgment filed by the defendants in this action, and has not filed any documents with the Court since May 2013.

In the Order to Show Cause, the Court warned the matter would be "dismissed for lack of prosecution" if Plaintiff failed to communicate his desire to pursue this action. (Doc. 62 at 1.) The Court's warning to Plaintiff that his failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Thus, Plaintiff had adequate warning that dismissal would result from his failure to prosecute the action. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

///

///

3

### IV.   Conclusion and Order

The factors set forth by the Ninth Circuit in *Henderson* weigh in favor of dismissal of the action for Plaintiff's failure to prosecute.  Accordingly, **it IS HEREBY ORDERED**:

1. Plaintiff's compliant is **DISMISSED WITH PREJUDICE**;
2. Defendants' motion for summary judgment is **DENIED AS MOOT**; and
3. The Clerk of Court is DIRECTED to close this case, because this Order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:   **November 22, 2013**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE